Dear Ms. Hutchinson:
As an elected Livonia Town Council Member, you have asked for an Attorney General's Opinion concerning dual officeholding. Specifically, you ask whether employment in the following capacities would be prohibited by Louisiana's dual officeholding laws if held in conjunction with your present elected position; the order of the questions has been altered to better address the issues involved.
 1. Would full-time employment in the parish police jury, state government, or other political subdivision in the state be permitted?
 2. Would part-time employment in the parish police jury, state government, or any other political subdivision in the state be permitted?
 3. Would full-time employment in a hospital, nursing home or any other facility owned and operated by the parish police jury be permitted?
The pertinent provision to your inquires is LSA-R.S.42:63(D), which states:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
All the positions you propose to hold simultaneously with the elected position of Town Council Member appear to be employment positions and not appointed or elected positions. This opinion will address your concerns with this assumption.
"Political subdivision" is defined as a parish, municipality, and any other unit of local government. LSA-R.S.42:62(9). Therefore, as a Livonia Town Council Member, you are an elected officer of a political subdivision.
With regard to your first and second questions, LSA-R.S.42:63(D) prohibits an elected officer of a political subdivision from holding at the same time employment in state government. This prohibition includes both full-time and part-time employment. Moreover, full-time and part-time employment held at the same time within the same political subdivision is prohibited. This mandate disqualifies you for employment in these instances.
However, full-time or part-time employment with a parish police jury or other political subdivision would not be generally prohibited as those are separate political subdivisions from the municipality of Livonia. Such a combination of positions is impermissible only where both positions fall within the same political subdivision.
Finally, with regard to your third question, full-time employment with any hospital, nursing home, or other facility owned by a parish police jury held at the same time as your elected position of Livonia Town Council Member is also not generally prohibited. Again, a parish is a separate political subdivision from that of the Town of Livonia. Typically, a facility that is owned and operated by the parish is considered an entity of the parish. Therefore, for purposes of the dual officeholding laws, such a combination would generally not be prohibited.
However, please be advised that these opinions address your concerns in a general sense. The specifics of a particular employment position may evoke a different outcome from that given herein. Moreover, while you do not give any specific information that invokes LSA-R.S. 42:64, those provisions concerning incompatible offices may apply in certain instances and should be reviewed on a case-by-case basis.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb